# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-2052V
UNPUBLISHED

| | |
|---|---|
| MONIQUE GINN, | Chief Special Master Corcoran |
| Petitioner, | Filed: May 17, 2022 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY, for Petitioner.*

*Wei Kit Tai, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On December 3, 2020, Monique Ginn filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered in her right arm on November 1, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 17, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that Petitioner had no history of pain, inflammation, or dysfunction of the affected shoulder prior to vaccine administration that would explain the

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

alleged signs, symptoms examination findings, and/or diagnostic studies occurring after vaccine injection; her pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain Petitioner's right shoulder pain. *Id.* at 7 (citing 42 C.F. R. § 100.3(a)(XIV)(B), (c)(10); Vaccine Act section 13(a)(1)(B)). Respondent further agrees that the case was timely filed; that the vaccine was received in the United States; and that Petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration. *Id.* (citing Vaccine Act sections 11(c)(1)(B)(i)(I) and 11(c)(1)(D)(i)).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master